IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| Dianne Estelle Hensley, | ) | Civ. No. 14-00472 HG-RLP |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| United States of America, | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT DR. JEREMY OAKLEY'S MOTION TO DISMISS PLAINTIFF'S STATEMENT OF CLAIM AND NOTICE (ECF NO. 8)**

Plaintiff Dianne Estelle Hensley filed a Claim and Notice in Hawaii state court alleging that she received improper dental care from Dr. Jeremy Oakley. Plaintiff's Claim named Jeremy Oakley as the Defendant.

The United States removed the Claim to federal district court and filed a notice of substitution as Defendant in place of Jeremy Oakley. The United States, on Oakley's behalf, filed a motion to dismiss for lack of subject matter jurisdiction pursuant to the Federal Tort Claims Act.

Defendant Dr. Jeremy Oakley's Motion to Dismiss Plaintiff's Statement of Claim and Notice (ECF No. 8) is **GRANTED WITHOUT PREJUDICE.**

**PROCEDURAL HISTORY**

On July 16, 2014, Plaintiff Dianne Estelle Hensley filed a

1

Statement of Claim and Notice in the Small Claims Division of the District Court of the Third Circuit, Puna Division, State of Hawaii.  (Claim and Notice, attached as Ex. A. to Defendant's Notice of Removal, ECF No. 1-1).

On October 16, 2014, Defendant Jeremy Oakley, by and through the United States of America, removed the state court action to the United States District Court for the District of Hawaii.  (ECF No. 1).

On October 24, 2014, Defendant Oakley, by and through the United States, filed DEFENDANT DR. JEREMY OAKLEY'S MOTION TO DISMISS PLAINTIFF'S STATEMENT OF CLAIM AND NOTICE.  (ECF No. 8).

On November 13, 2014, Plaintiff submitted via e-mail, OPPOSITION TO DISMISS: HENSLEY VS OAKLEY.  (ECF No. 17).  Plaintiff also submitted a six-page fax.  (Attached as Ex. A to Letter at ECF No. 17).

On the same date, Plaintiff submitted via email, REQUEST FOR PHONE HEARING WED, DEC. 10, 10:30.  (ECF No. 18).

Also on November 13, 2014, the Court issued a Minute Order and construed Plaintiff's e-mailed letter and fax (ECF No. 17) as her Opposition to Defendant's Motion to Dismiss.  (ECF No. 19).  Plaintiff's Request to appear at the hearing by telephone (ECF No. 18) was granted.  (ECF No. 19).

On November 11, 2014, the United States filed NOTICE OF SUBSTITUTION OF UNITED STATES AS DEFENDANT.  (ECF No. 20).

On November 24, 2014, the United States filed REPLY MEMORANDUM IN SUPPORT OF DEFENDANT DR. JEREMY OAKLEY'S MOTION TO DISMISS PLAINTIFF'S STATEMENT OF CLAIM AND NOTICE. (ECF No. 22). The United States also submitted an Exhibit in support of its Motion to Dismiss. (ECF No. 21).

On December 10, 2014, a hearing was held on DEFENDANT DR. JEREMY OAKLEY'S MOTION TO DISMISS PLAINTIFF'S STATEMENT OF CLAIM AND NOTICE (ECF No. 8).

## BACKGROUND

Plaintiff Dianne Estelle Hensley claims that on August 2, 2012, she went to the Keaau Family Health Center on the Island of Hawaii to receive dental treatment. (Statement of Claim and Notice at p. 1, Attached as Ex. A to the Def.'s Notice of Removal, ECF No. 1-1).

Dr. Jeremy Oakley was an employee of The Bay Clinic, Inc., which operated the Keaau Family Health Center. (Id. at p. 1). Plaintiff claims that on August 2, 2012, she consulted with Dr. Oakley and asked him to repair her tooth without removing it. (Id.; Pla.'s Ex. A, ECF No. 17-1). Plaintiff alleges that Dr. Oakley unnecessarily extracted her tooth and gave her a mouth plate that she did not want. (Id.)

On July 16, 2014, Plaintiff, proceeding pro se, filed a Claim and Notice in Hawaii state small claims court against Dr. Oakley. (Claim and Notice at p. 1, ECF No. 1-1).

The United States removed the case to federal district court on October 16, 2014, and substituted itself as the Defendant in place of Dr. Oakley.  (Notice of Removal, ECF No. 1).

The United States removed the case on the basis that Plaintiff's claim was filed against a federal employee.  (<u>Id.</u>)  The United States asserts that in August 2012, Dr. Oakley was a federal employee acting within the scope of his duties when he extracted the Plaintiff's tooth. (Department of Health and Human Services Notice of Deeming Action, attached as Ex. A to Def.'s Reply, ECF No. 21-1).

The Government seeks to dismiss Plaintiff's case because the Federal Tort Claims Act bars claimants from seeking damages against the United States in federal court until they have exhausted their administrative remedies.  The United States alleges Plaintiff has not exhausted her administrative remedies with the Department of Health and Human Services for the alleged improper dental care she received from Dr. Oakley.

## **STANDARD OF REVIEW**

The district courts of the United States are courts of limited jurisdiction.  <u>Exxon Mobil Corp. v. Allapattah Servs.</u>, 545 U.S. 546, 552 (2005).  Federal district courts have no jurisdiction without specific constitutional or statutory authorization.  <u>Id.</u>  Pursuant to Federal Rule of Civil Procedure 12(b)(1), a case must be dismissed for lack of subject matter

jurisdiction when the Court lacks a constitutional or statutory basis to adjudicate the controversy. Fed. R. Civ. P. 12(b)(1); <u>Leeson v. Transamerica Disability Income Plan</u>, 671 F.3d 969, 975 (9th Cir. 2012).

A challenge to the Court's subject matter jurisdiction may be "facial or factual." <u>Safe Air for Everyone v. Meyer</u>, 373 F.3d 1035, 1039 (9th Cir. 2004).

In a factual attack, the party challenging jurisdiction argues that the facts in the case, notwithstanding the allegations in the Complaint, divest the Court of subject matter jurisdiction. See <u>White v. Lee</u>, 227 F.3d 1214, 1242 (9th Cir. 2000). No presumptive truthfulness attaches to the Complaint's allegations. <u>Id.</u> The party challenging jurisdiction presents "affidavits or other evidence properly brought before the court" indicating that subject matter jurisdiction is lacking. <u>Savage v. Glendale Union High Sch.</u>, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). The burden then shifts to "the party opposing the motion [to] furnish affidavits or other evidence to satisfy its burden of establishing subject matter jurisdiction." <u>Id.</u>; <u>Colwell v. Dep't of Health and Human Serv.</u>, 558 F.3d 1112, 1121 (9th Cir. 2009). Failure to present suitable evidence establishing subject matter jurisdiction necessitates dismissal. <u>Moore v. Maricopa Cnty. Sheriff's Office</u>, 657 F.3d 890, 895 (9th Cir. 2011).

## **ANALYSIS**

5

The United States, as a sovereign state, is immune from suit unless it specifically consents. United States v. Mitchell, 445 U.S. 535, 538 (1980); Reed v. U.S. Dep't of Interior, 231 F.3d 501, 504 (9th Cir. 2000). Any waiver of sovereign immunity must be unequivocally expressed. Block v. North Dakota, 461 U.S. 273, 287 (1983). When a statute waives sovereign immunity, the Court must strictly construe the statute in favor of the United States. Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000). If there has not been an express waiver of sovereign immunity, then the Court lacks subject matter jurisdiction over the case and it must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). Orff v. United States, 358 F.3d 1137, 1142 (9th Cir. 2004)

The Federal Tort Claims Act ("FTCA") provides for a broad waiver of the United States' sovereign immunity. Schoenfeld v. Quamme, 492 F.3d 1016, 1019 (9th Cir. 2007). The FTCA manifests the United States' consent to be sued "in the same manner and to the same extent as a private individual under like circumstances[.]" 28 U.S.C. § 2674. The FTCA waives sovereign immunity for the negligence of "any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1).

The Federally Supported Health Centers Assistance Act of 1992 ("FSHCAA"), Pub. L. No. 102-501, 106 Stat. 3268 (1992),

extends FTCA coverage to certain federally-funded healthcare centers.  According to the FSHCAA, those healthcare centers receiving federal funds to serve traditionally "underserved populations" are deemed "employees" of the "Public Health Service" for the purposes of FTCA liability.  42 U.S.C. § 233(g).  Any "damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions" by a covered healthcare center is subject to the sovereign immunity waiver of the FTCA.  42 U.S.C. §§ 233(a),(g).

> **A. The United States of America Was Properly Substituted as the Defendant in Place of Dr. Jeremy Oakley**

The United States claims it was properly substituted as the Defendant in place of Dr. Oakley.

Claims of medical malpractice against federally-funded health care facilities and their employees, acting in the scope of their employment, must be pursued against the United States.  42 U.S.C. § 233; 28 U.S.C. § 2679(d)(1); see Quezada v. Bogle, 2007 WL 3335011, *2 (E.D. Cal. Nov. 8, 2007) (finding the United States was properly substituted in place of a dentist who was certified as acting within the scope of his duties at a federally-funded healthcare center).

On January 1, 2012, the U.S. Department of Health and Human Services ("DHHS") deemed The Bay Clinic, Inc. and its employees to be federal Public Health Service employees for the 2012

calendar year. (Department of Health and Human Services Notice of Deeming Action For Coverage Period 1/1/2012-12/31/2012, attached as Ex. A to Def.'s Reply, ECF No. 21-1); see 42 U.S.C. § 233(g).

Plaintiff alleges that on August 2, 2012, she received improper dental care from Dr. Oakley, while he was employed by The Bay Clinic, Inc. (Claim and Notice, attached as Ex. A to the Def.'s Notice of Removal, ECF No. 1-1).

Almost two years later, on July 16, 2014, Plaintiff filed a Statement of Claim and Notice in Hawaii state court against Dr. Oakley. (Id.)

42 U.S.C. § 233(c) provides that an action brought in state court against a federal employee shall be removed to federal district court upon a certification by the United States Attorney General, or his designee, that the employee was acting within the scope of his employment. The statute provides that the United States shall be substituted as the defendant upon such certification. 42 U.S.C. § 233(c) states:

> Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed . . . and the proceeding deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto.

42 U.S.C. § 233(c); see also 28 U.S.C. § 2679(d)(1) (providing that the United States shall be substituted as the

party defendant to any civil action against a federal employee who has been certified as acting within the scope of his employment at the time of the incident).

On October 16, 2014, the United States removed the Plaintiff's Claim and Notice to federal court and substituted itself as the Defendant. (Notice of Removal, ECF No. 1; Notice of Substitution, ECF No. 20). The United States filed a certification from the United States Attorney for the District of Hawaii, Florence T. Nakakuni, in support of the removal. (Certification of Florence T. Nakakuni at ¶ 3, ECF No. 1-2). The certification provided that "at all time relevant," Dr. Oakley was a federally deemed employee acting within the scope of his employment by The Bay Clinic, Inc. (Id.)

The United States was properly substituted as the Defendant in place of Dr. Oakley pursuant to 42 U.S.C. § 233(c).

The FTCA applies to Plaintiff's Claim as the United States is the properly named Defendant in this action. The FTCA is the exclusive remedy for claims against the United States for personal injuries arising from actions by employees of the federal Public Health Service. 42 U.S.C. § 233(a).

### B. Plaintiff Did Not Exhaust the Administrative Remedies Required by the Federal Tort Claims Act

The FTCA bars claimants from seeking damages against the United States in court until they have exhausted their

administrative remedies.  28 U.S.C. § 2675(a); <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993).  A plaintiff's administrative remedy is exhausted pursuant to the FTCA if:

(1) the agency has denied the claim in writing; or,

(2) the agency has failed to issue a final disposition of the claim six months after it was filed.

28 U.S.C. § 2675(a)[1]; <u>Jerves v. United States</u>, 966 F.2d 517, 519 (9th Cir. 1992).

If no such claim is presented to the appropriate federal agency within two years after the claim accrues, a tort claim shall be forever barred.  28 U.S.C. § 2401(b).

The Ninth Circuit Court of Appeals has made clear that the FTCA exhaustion requirement is jurisdictional and must be adhered to strictly.  <u>Vacek v. U.S. Postal Serv.</u>, 447 F.3d 1248, 1250

---

[1] The FTCA in 28 U.S.C. § 2675(a) provides:

An action shall not be instituted upon a claim against the United States for money damages for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section . . . .

28 U.S.C. § 2675(a).

(9th Cir. 2006).

The United States argues that Plaintiff has failed to exhaust her administrative remedies as to her tort claim brought against Dr. Jeremy Oakley. The United States has presented a factual attack to subject-matter jurisdiction and has provided evidence in support of its argument that jurisdiction is lacking. Savage, 343 F.3d at 1039 n.2.

The United States submitted a declaration from Meredith Torres, a Senior Attorney with the U.S. Department of Health and Human Services. (Declaration from Meredith Torres, attached to Def.'s Reply, ECF No. 22-1). Torres states in her Declaration that on November 3, 2014, Plaintiff filed an administrative tort claim with the Department of Health and Human Services relating to The Bay Clinic, Inc., and Dr. Jeremy Oakley. (Id. at ¶ 4).

According to Torres' Declaration, Plaintiff filed her administrative claim on November 3, 2014, more than three months after she filed her Claim and Notice in Hawaii state court in July 2014. Torres asserts that no final disposition has been made on the administrative tort claim that Plaintiff filed with the Department of Health and Human Services on November 3, 2014. (Id.)

Plaintiff has not met her burden to establish subject-matter jurisdiction. Colwell, 558 F.3d at 1121. There is no evidence that Plaintiff exhausted her administrative remedies with the

Department of Health and Human Services *before* filing her Claim in state court as required by the FTCA. Plaintiff states in her Opposition that she "filed a tort claim with HHS in Washington DC" but she has not established that the claim was exhausted. (Pla.'s Opp. at p. 1, ECF No. 17).

The Court cannot exercise subject matter jurisdiction over Plaintiff's claim until she has exhausted her administrative remedies. 28 U.S.C. § 2675; Jerves, 966 F.2d 519. Plaintiff has not provided evidence that the Department of Health and Human Services has denied her administrative tort claim in writing. Plaintiff is unable to demonstrate that the Department of Health and Human Services failed to make a final disposition of her claim within six months after it was filed, as Plaintiff only filed her administrative tort claim on November 3, 2014.

Defendant's Motion to Dismiss (ECF No. 8) is **GRANTED WITHOUT PREJUDICE.**

### C. Further Action Required by the United States

At the hearing, Plaintiff Hensley stated that she has been unable to complete the adjudication of her claim before the U.S. Department of Health and Human Services because she has not received her x-rays from The Bay Clinic, Inc.

The Defendant's counsel shall contact The Bay Clinic, Inc. and ensure that the Clinic provides Plaintiff Hensley with the x-

rays she has requested.

The Defendant's counsel shall provide a written filing to the Court once the Bay Clinic, Inc. provides Plaintiff Hensley with her x-rays.

The Court will thereafter issue an order dismissing the case.

## CONCLUSION

DEFENDANT DR. JEREMY OAKLEY'S MOTION TO DISMISS PLAINTIFF'S STATEMENT OF CLAIM AND NOTICE (ECF No. 8) is **GRANTED WITHOUT PREJUDICE**.

Judgment shall enter upon the Assistant United States Attorney filing the notice as instructed in Section C, entitled "Further Action Required by the United States."

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 16, 2014.



/s/ Helen Gillmor

Helen Gillmor
United States District Judge